UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE G. KLUMPP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:07cv0043 TCM |
| ) | |
| DAVE DORMIRE and ) | |
| CHRIS KOSTER, Attorney General for ) | |
| the State of Missouri,[1] ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Jesse G. Klumpp, a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a 1994 conviction.[2] See

---

[1] Petitioner filed this federal habeas action to challenge a state court judgment imposing a total of four life sentences plus 160 years, to be served consecutively. Because at the time Petitioner filed this action he was subject to future custody under the state court judgment he is now challenging, the Court will add the Attorney General of the State of Missouri, Chris Koster, as a proper party respondent. See Rule 2(b), Rules Governing Section 2254 in the United States District Courts.

Alternatively, Petitioner identified the then-Attorney General for the State of Missouri, Jeremiah W. (Jay) Nixon, in his federal habeas petition. (Pet.[Doc. 1 at 1].) To the extent Nixon should have been identified as a Respondent from the outset of these proceedings, he is no longer the Attorney General for the State of Missouri, and the Court substitutes the present Attorney General for the State of Missouri, Chris Koster, as a proper party respondent.

[2] Petitioner provided with his habeas petition one twenty-seven page exhibit consisting of two documents: his brief on appeal in his second postconviction proceeding and the motion court's Findings of Fact and Conclusions of Law in his first postconviction proceeding. These attachments are identical to materials from the state court proceedings that Respondents filed. See Respondents' Exhibit J and Respondents' Ex. C at 116-29 (Doc. 16). Because the documents Petitioner attached to his Petition are not separately identified and Respondents have provided the same documents in separately identified exhibits, with Respondents' Exhibit C being a copy of the Legal File for the first postconviction motion appeal, the Court will refer to Respondent's exhibits when referring to these state court materials.

28 U.S.C. 2254. Respondents filed a Response to the Order to Show Cause Why a Writ of Habeas Corpus Should Not Issue (Response). Petitioner has not filed a reply. This matter is before the undersigned United States Magistrate Judge for review and final disposition.[3] Finding the federal habeas petition time-barred, the undersigned will deny the petition.

## **Background**

In March 1994, Petitioner was charged by second amended information with eight counts of sodomy of two boys under the age of fourteen years old in violation of Missouri Revised Statutes § 566.060 between November 1991 and April 1992. (Resp't Ex. A at 136-139.) After a jury found Petitioner guilty of all charges, the trial court sentenced Petitioner to four terms of life imprisonment and four terms of forty years' imprisonment, with all sentences running consecutively. (Id. at 211-12.)

### Direct Appeal and First Postconviction Motion

Petitioner filed a timely appeal from his conviction and sentence on May 27, 1994, the day he was sentenced. (Id. at 214.)

While the direct appeal was pending, Petitioner filed a pro se motion to vacate, set

---

The undersigned notes that, while there are no references to the minor victims' identity in Petitioner's petition and attached exhibit (Doc. 1), many of the materials from the state court proceedings which were filed by Respondents (Doc. 16) contain references to the minor victims' identity. Therefore, the Court will place those materials (Doc. 16) under seal.

A subsequent federal habeas action filed by Petitioner challenging the same state court judgment that is challenged in this federal habeas action was dismissed as successive. See **Klumpp v. Nixon**, No. 4:08cv1621 HEA (E.D. Mo. May 1, 2009 order of dismissal).

[3] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

aside or correct the judgment or sentence under Missouri Supreme Court Rule 29.15. (Resp't Ex. C at 3-10.) The motion court held a hearing on Petitioner's first amended motion for postconviction relief, which was filed by counsel, and subsequently denied that motion. (Resp't Ex. C at 116-29.)

While the direct appeal was pending, Petitioner timely filed an appeal in the postconviction proceeding. (Resp't Ex. C at 133.)

On May 20, 1997, after consolidating the direct appeal and postconviction appeal, the Missouri Court of Appeals summarily affirmed the sentence and judgment of the trial court and the denial of relief by the motion court. (Resp't Ex. H; **State v. Klumpp**, 945 S.W.2d 618 (Mo. Ct. App. 1997) (per curiam).)

On June 19, 1997, the Missouri Court of Appeals issued its mandate in the consolidated appeal. (Resp't Ex. O; see also June 19, 1997 docket entry at page 3 of Resp't Ex. S.)

Petitioner did not file a motion for transfer to the Missouri Supreme Court[4] or file a petition for certiorari in the United States Supreme Court. (See docket entries on page 4 of

---

[4] As the United States Court of Appeals for the Eighth Circuit recently explained

> Missouri does not permit direct appeals from the Missouri Court of Appeals to the Missouri Supreme Court. Instead, a litigant seeking review in the Missouri Supreme Court must file a petition to transfer the case from the Court of Appeals to the Supreme Court. If that petition is granted, the Missouri Supreme Court then hears the case. See Mo. Sup. Ct. R. 82.04

**Burns v. Prudden**, 588 F.3d 1148, 1149 n.1 (8th Cir. 2009).

Resp't Ex. S.)

## Motions to Recall the Mandate

On July 24, 1998, Petitioner filed his first motion to recall the mandate. (Resp't Ex. T; July 24, 2008 docket entry at page 3 of Resp't Ex. S.)[5] In this motion, Petitioner sought relief for the alleged ineffective assistance of his counsel on direct appeal "because counsel failed to raise and argue on direct appeal that the appellant was entitled to a remand to be resen[t]enced under the amend[ed] sodomy statutes." (Resp't Ex. T at 2.)

On August 31, 1998, the Missouri Court of Appeals summarily denied the first motion to recall the mandate. (Resp't Ex. U; August 31, 1998 docket entry at page 3 of Resp't Ex. S.)

On November 9, 1998, Petitioner filed a second motion to recall the mandate. (Resp't Ex. V.) This motion reportedly sought relief based on "the recent Missouri Supreme Court decision issued in Robert Burns v. State, (Mo. banc 80744, October 20, 1998."[6] (Id. at 2.)

By January 28, 1999,[7] the Missouri Court of Appeals summarily denied the second motion to recall the mandate. (Resp't Ex. W; January 28, 1999 docket entry at page 3 of Resp't Ex. S.)

---

[5] This motion to recall the mandate contains a crossed out June 24, 2008, file stamp of the Missouri Court of Appeals for the Eastern District (Resp't Ex. T), but the docket sheet reports it was not filed in that appellate court until July 24, 2008 (see page 3 of Resp't Ex. S).

[6] The Court has not been able to locate that decision based on the citation provided by Petitioner.

[7] The order is dated January 25, 1999 (Resp't Ex. W), while the docket sheet reports the order was filed on January 28, 1999 (Resp't Ex. S at 3).

On June 3, 1999, Petitioner filed a "petition to recall mandate or in the alternate petition for habeas corpus" (third motion to recall the mandate) arguing the sentences imposed on him violated his Fifth and Fourteenth Amendment rights in that they were excessive due to alleged changes in the pertinent statutes. (Resp't Ex. X.)

On June 4, 1999, the Missouri Court of Appeals summarily denied the third motion to recall the mandate. (Resp't Ex. Y; June 4, 1999 docket entry at page 4 of Resp't Ex. S.)

On January 5, 2000, Petitioner, through counsel, filed a fourth "motion to recall the mandate and reinstate the appeal," arguing that his appellate postconviction counsel was ineffective in pursuing the postconviction appeal in the absence of a transcript of the motion court's evidentiary hearing.[8] (Resp't Ex. Z.)

On January 6, 2000, the Missouri Court of Appeals summarily denied that motion to recall the mandate and reinstate the appeal. (Resp't Ex. AA; see also page 2 of the docket sheet for Klumpp v. State, No. ED70445, available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Mar. 18, 2010)).

On May 21, 2001, Petitioner, through other counsel, filed a fifth motion to recall the mandate arguing his appellate postconviction counsel was ineffective in pursuing the postconviction appeal in the absence of a transcript of the motion court's evidentiary hearing.

---

[8] Due to the caption on the motion, this motion was filed under the number of the postconviction appeal, No. ED70445. See page 2 of the docket sheet for Klumpp v. State, No. ED70445, available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Mar. 18, 2010).

(Resp't Ex. BB.)[9]

On June 4, 2001, the Missouri Court of Appeals denied that motion to recall the mandate. (Resp't Ex. CC.)[10] In relevant part, the state appellate court pointed out "[t]here is no right to the effective assistance of counsel in a postconviction proceeding." (Id.)

Second Postconviction Proceeding

On February 22, 2005, Petitioner filed in the state trial court a motion titled "Motion to[] Vacate, Set Aside or Correct Void Judgment or Sentence," with supporting affidavit and memorandum.[11] (Resp't Ex. I at 36-42, 43-44, and 45-64, respectively; see also February 22, 2005, entry on page 11 of circuit court docket sheet at page 11 of Resp't Ex. I.)

On March 3, 2005, the state circuit court entered an order summarily denying Petitioner's "Motion to Vacate, Set Aside or Correct Void Judgment or Sentence" (Resp't Ex. I at 27; see also March 3, 2005, entry on page 11 of circuit court docket sheet at page 11 of Resp't Ex. I.)

On June 29, 2005, the Missouri Court of Appeals granted Petitioner leave to file a late notice of appeal. (Resp't Ex. I at 18.)

---

[9] This fifth motion to recall the mandate was filed in the consolidated appeal, No. ED66200. (See page 4 of docket sheet at Resp't Ex. S.)

[10] On March 15, 2005, Petitioner pro se filed a motion to reconsider the denial of his last motion to recall the mandate. (Resp't Ex. DD.) The Missouri Court of Appeals denied that motion on March 17, 2005. (See page 4 of docket sheet at Resp't Ex. S.)

[11] Petitioner contemporaneously filed a Petition for Writ of Habeas Corpus Ad Testificandum so that he could "appear and defend" his "petition challenging the unlawful sentences" filed in February 2005. (Resp't Ex. I at 33-35.)

On April 4, 2006, the Missouri Court of Appeals summarily affirmed the denial of Petitioner's "second Rule 29.15 motion for post-conviction relief" (Motion). (Resp't Ex. M.) In a memorandum supporting that affirmance, the state appellate court stated

> In this case, [Petitioner] submitted a letter with his Motion indicating that he is not seeking a post-conviction remedy under Rule 29.15, but is [ask]ing the court to correct an otherwise void sentence. However, all of [Petitioner]'s allegations in his Motion claim that his convictions or sentences violate the U.S. Constitution. Additionally, the form of [Petitioner]'s Motion is almost identical to Form No. 40, the form utilized for post-conviction motions. Thus, despite [Petitioner]'s claim to the contrary, his Motion is in fact a Rule 29.15 motion for post-conviction relief.
>
> In 1997, we affirmed the denial of [Petitioner]'s first Rule 29.15 motion for post-conviction relief. State v. Klumpp, 945 S.W.2d at 618. Subsequently, on February 22, 2005, [Petitioner] filed his Motion, the subject of this appeal, which is his second Rule 29.15 motion for post-conviction relief. Because [Petitioner]'s Motion follows upon his first Rule 29.15 motion, we consider [Petitioner]'s Motion to be a successive Rule 29.15 motion. As a result, we need not address [Petitioner]'s substantive arguments challenging the constitutionality of his convictions or sentences. See Smith v. State, 887 S.W.2d [601,] 603 [(Mo. 1994) (en banc)]. Therefore, the motion court did not clearly err in overruling [Petitioner]'s Motion.

(Resp't Ex. M. (footnote omitted).)

On April 26, 2006, the Missouri Court of Appeals struck as untimely Petitioner's motion for rehearing or transfer to the Missouri Supreme Court. (April 26, 2006 entry on page 4 of the second postconviction proceeding appellate court docket sheet [Resp't Ex. Q].)

On April 27, 2006, the Missouri Court of Appeals issued its mandate in the second postconviction proceeding. (Resp't Ex. N; April 27, 2006 entry on page 4 of the second postconviction proceeding appellate court docket sheet [Resp't Ex. Q].)

Present Petition for Federal Habeas Relief

Petitioner filed this federal habeas action in January 2007.[12] In this habeas action, Petitioner pursues six grounds for relief. In general, Petitioner claims there was insufficient evidence from which a rational jury could find him guilty beyond a reasonable doubt of the fifth count of sodomy (ground one); his right to due process and a fair trial was violated by the introduction of uncharged offenses (ground two); his trial attorney provided ineffective assistance by failing to preserve for appeal the argument that an unqualified juror was a member of the jury (ground three); his trial attorney provided ineffective assistance of counsel by failing to subpoena a material witness, failing to enter in the record testimony of prior proceedings and depositions, failing to strike a particular juror, and confiding facts of the case to counsel's wife who worked with abused children, and his postconviction appellate counsel was unable to raise these claims due to the lack of the transcript of the motion court's evidentiary hearing and State agents' alleged lies about the loss of that transcript (ground four); his sentences were illegal for several reasons including an alleged recantation by the victims (ground five); and his appellate attorney(s) provided ineffective assistance of counsel based on the allegations in the motions to recall the mandate he filed (ground six). (Pet. [Doc. 1 at 5-13].)

---

[12] The date the federal habeas petition was filed in Court is January 11, 2007; however, Petitioner executed or signed his petition on January 9, 2007 and the postmark on the envelope in which the petition was mailed states the petition was mailed from Petitioner's correctional facility on January 10, 2007. (Pet. at 18 and Envelope [Doc. 1 at 18, Doc. 1-2].) Under the circumstances of this case, it does not matter which of these January 2007 dates is selected as the filing date for this federal habeas action.

Respondents first argue that Petitioner's federal habeas petition is barred as untimely due to the expiration of the one-year limitations period in 28 U.S. C. § 2244(d)(1). Next, Respondents urge most of the claims in grounds four and five are procedurally barred. Finally, Respondents contend all of the grounds for relief are meritless. Because the Court concludes that the federal habeas petition is time-barred and will deny this habeas action on that basis, the Court will not address Respondents' additional arguments that the claims are procedurally barred and lack merit.

## Discussion

Respondents urge the federal habeas petition is time-barred because it was not filed within the one year statutory limitations period in 28 U.S.C. § 2244(d)(1).

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1)." **Jimenez v. Quarterman**, 129 S.Ct. 681, 683 (2009). The first specified date is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" **Id.** (quoting 28 U.S.C. § 2244(d)(1)(A)). This first possible date is the date relevant to this federal habeas proceeding.

The Supreme Court has determined that "direct review" for purposes of 28 U.S.C. § 2244(d)(1)(A)

> cannot conclude . . . until the "availability of direct appeal to the state courts,"
> Caspari v. Bohlen, 510 U.S. 383, 390 . . . (1994), and to th[e United States

> Supreme] Court, <u>Lawrence[ v. Florida</u>, 549 U.S. 327,] 332-33 [(2007)], has been exhausted. Until that time, the "process of direct review" has not "com[e] to an end" and "a presumption of finality and legality" cannot yet have "attache[d] to the conviction and sentence," <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 . . . (1983).

**Id.** at 685-86 (fourth and fifth alterations in original). For purposes of this statutory provision, when a "federal court [is] presented with an individual's first petition for habeas relief[, the court must] make use of the date on which the entirety of the state direct appellate review process was completed." **Id.** at 686.

The United States Court of Appeals for the Eighth Circuit holds that, when the petitioner does not seek transfer to the Missouri Supreme Court, the Missouri direct appellate review process is completed when the Missouri Court of Appeals issues its mandate on direct appeal. **Riddle v. Kemna**, 523 F.3d 850, 855, 856 (8th Cir. 2008) (en banc). In such circumstances, the federal habeas court does not include in the period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety day period allowed for filing a petition for certiorari to the United States Supreme Court because the United States Supreme Court could not review the Petitioner's direct appeal due to the absence of a decision by the state court of last resort, the Missouri Supreme Court.[13] **Id.** at 855. Therefore, in these situations, "the statute of

---

[13] In an earlier en banc decision the United States Court of Appeals for the Eighth Circuit had said the ninety day period for filing a petition for certiorari to the United States Supreme Court should be included in the calculation of when the one year period begins to run under 28 U.S.C. § 2244(d)(1)(A). **Nichols v. Bowersox**, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). This part of the **Nichols** decision was abrogated by the Eighth Circuit's subsequent decision in **Riddle v. Kemna**, 523 F.3d 850, 855-56 (8th Cir. 2008) (en banc), which was issued after the Respondents filed their Response.

limitations in 28 U.S.C. § 2244(d)(1) [begins] the day after the direct-appeal mandate" is issued. **Id.** at 856.

Here, the Missouri Court of Appeals issued its direct-appeal mandate on June 19, 1997, and Petitioner did not request transfer to the Missouri Supreme Court. Therefore, the one year limitation period for the filing of Petitioner's federal habeas petition began one day later, or on June 20, 1997, and ended one year later, on Monday, June 22, 1998, if other proceedings do not affect the calculation of or toll the one year period. See, e.g., 28 U.S.C. § 2244(d)(2).

That statute states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A motion to recall a mandate is considered an application for collateral review that may satisfy the terms of 28 U.S.C. § 2244(d)(2). **Bishop v. Dormire**, 526 F.3d 382 (8th Cir. 2008) (motion to recall a mandate from the Missouri Court of Appeals on the

---

Notably, Petitioner's federal habeas petition was clearly untimely, even if ninety days after issuance of the direct-appeal mandate for filing a petition for certiorari is included in the calculation of when the limitations period began to run. Cf. **Shelton v. Purkett**, 563 F.3d 404, 407 (8th Cir.) (noting that a federal habeas petition would have been timely filed if the ninety day period for seeking certiorari was included in the calculation of the one year period under 28 U.S.C. § 2244(d)(1)), cert. denied, 130 S.Ct. 739 (2009); **Streu v. Dormire**, 557 F.3d 960, 967-68 (8th Cir. 2009) (same). Giving Petitioner the benefit of the ninety day period for filing a petition for certiorari, the petition for certiorari would have been due at the latest on Thursday, September 18, 2007, ninety days after issuance of the direct-appeal mandate on June 19, 2007, beginning the ninety day period on June 20, 2007, the day after the mandate issued. Petitioner's federal habeas petition would then have been due one year later, or on Friday, September 18, 1998. Petitioner filed his federal habeas petition in January 2007 or more than eight years after it was due based on this calculation method.

petitioner's postconviction proceeding); **Marx v. Gammon**, 234 F.3d 356 (8th Cir. 2000) (third motion to recall mandate from the Missouri Court of Appeals); see **Streu v. Dormire**, 557 F.3d 960, 964-65 (8th Cir. 2009) (finding that Bishop resolved whether or not a motion to recall a mandate was an "application for State post-conviction or other collateral review"). A second postconviction proceeding may also satisfy the terms of 28 U.S.C. § 2244(d)(2). **Steen v. Schuetzle**, 326 Fed. Appx. 972 (8th Cir. 2009) (per curiam) (unpublished opinion); see **Snow v. Ault**, 238 F.3d 1033, 1035 (8th Cir. 2001) (addressing timeliness in circumstances involving a second postconviction proceeding). Therefore, Petitioner's five motions to recall the mandate and second postconviction proceeding,[14] all of which pertained to the judgment being attacked in this federal habeas action, may be considered as applications for state postconviction or other collateral review under § 2244(d)(2).

Importantly, however, no application for state postconviction or other collateral review with respect to the pertinent judgment or claim will toll the one year statute of limitations period for filing a federal habeas petition if that one year period has expired before the filing of the application. **Jackson v. Ault**, 452 F.3d 734, 735-36 (8th Cir. 2006) (citing Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003)); see **Painter v. Iowa**, 247 F.3d 1255, 1256 (8th Cir. 2001) (affirming the dismissal of a federal habeas petition as untimely because, by the time the state court application for postconviction relief was filed,

---

[14] The Court does not separately consider the first postconviction motion Petitioner filed because the resolution of that postconviction appellate proceeding coincided with the resolution of Petitioner's direct appeal.

"there was no federal limitations period remaining to toll"). Here, all of Petitioner's motions to recall the mandate, as well as his second postconviction proceeding, were filed after June 22, 1998, or beyond the one year limitations period. Because the one year limitations period had expired before the filing of any of Petitioner's motions to recall the mandate and Petitioner's second postconviction motion, there was no limitations period for those proceedings to toll.[15] **Curtiss v. Mount Pleasant Corr. Facility**, 338 F.3d 851, 853 (8th Cir. 2003) ("Because the deadline for filing Curtiss's federal petition passed . . . his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations").

Petitioner's federal habeas petition was filed in January 2007 or more than eight years after the statutory one year limitations period had expired on June 22, 1998. Petitioner's federal habeas petition is untimely.

Although Petitioner did not timely file his federal habeas petition within the one-year period set forth in 28 U.S.C. §2244(d)(1), his federal habeas petition may be considered timely if he is entitled to equitable tolling of that one year period. Because § 2244(d)(1) is a "statute of limitations rather than a jurisdictional bar," equitable tolling "may be available to toll th[at] time limit under certain circumstances." **Earl v. Fabian**, 556 F.3d 717, 722 (8th

---

[15] If the September 18, 1998, deadline is used, see n.13 supra, only Petitioner's first motion to recall the mandate was filed before that deadline. That motion to recall the mandate was pending a total of thirty nine days. Adding thirty nine days to the September 18, 1998, deadline results in a new deadline of October 27, 1998. Petitioner did not file any other applications for state postconviction or collateral review, for instance, motions to recall the mandate or postconviction motion proceedings, before October 27, 1998. Therefore, no other tolling or extension of the one year limitation period applies, and Petitioner's federal habeas petition is untimely because it was filed more than eight years after that October 27, 1998 deadline.

Cir. 2009); cf. **Lawrence v. Florida**, 549 U.S. 327, 336 (2007) (noting the Supreme Court had not "decided whether § 2244(d) allows for equitable tolling"); **Pace v. DiGuglielmo**, 544 U.S. 408, 418 n.8 (2005) (noting the Supreme Court had "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations"); **Earl**, 556 F.3d at 722 (noting "the Supreme Court has never expressly held that [the] AEDPA permits equitable tolling"). Equitable tolling, however, provides only "'an exceedingly narrow window of relief.'" **Riddle**, 523 F.3d at 857 (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." **Id.** (internal quotation marks omitted) (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)); accord **Lawrence**, 549 U.S. at 336 (quoting Pace, 544 U.S. at 418); **Streu**, 557 F.3d at 967. "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." **Kreutzer v. Bowersox**, 231 F.3d 460, 463 (8th Cir. 2000). Equitable tolling may also be proper when a respondent's conduct has "lulled the [petitioner] into inaction." **Id.**

Petitioner, who has not replied to Respondents' argument that his petition is untimely, has not alleged that any such circumstance or conduct exists. In and of itself, his pro se status is not a qualifying circumstance. See **id.** (noting equitable tolling has not been warranted "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal

- 14 -

resources"). Petitioner has not satisfied his burden of establishing that equitable tolling applies in this case.

For the foregoing reasons, Petitioner's habeas petition is time-barred in that it was untimely filed in January 2007, or more than eight years after the June 22, 1998 filing deadline, and that filing deadline was not tolled or extended by the pendency of Petitioner's motions to recall the mandate and second state postconviction proceeding. Nor has Petitioner established a basis for applying equitable tolling principles in this case.

## Conclusion

Because Petitioner filed his federal habeas petition more than eight years after it was due, and no statutory or equitable basis exists to extend the statutory one year period for filing a federal habeas petition, the petition is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the Attorney General for the State of Missouri, Chris Koster, is added or substituted for Jeremiah W. (Jay) Nixon as a Respondent in this case.

**IT IS FURTHER ORDERED** that the 28 U.S.C. § 2254 petition of Jesse G. Klumpp is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III

UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of March, 2010.